UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ROBERT AGOS,

    Plaintiff,                                    CASE NO.

vs.

MEDICAL BUSINESS
CONSULTANTS, INC.,

    Defendant.
_____/

## COMPLAINT

Plaintiff, GEORGE HUNTER ("Plaintiff"), by and through the undersigned counsel hereby files the following Complaint against Defendant, MEDICAL BUSINESS CONSULTANTS, INC. ("Defendant") and alleges.

1. This is an action for damages for alleged violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq.*

2. The FDCPA was enacted "to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C. § 1692(e).

## PARTIES

3. Plaintiff is an individual residing in Pasco County, Florida.

4. Plaintiff is a "consumer" within the meaning of the FDCPA, 15 U.S.C. § 1692a(3).

5. Defendant is a Florida Corporation with its principal place of business located in Pinellas County, Florida.

6. At all relevant times, Defendant has been and is engaged in the business of collecting and attempting to collect consumer debts in the State of Florida and within Pinellas County, Florida.

7. Defendant is a "debt collector" within the meaning of 15 U.S.C. § 1692a(6) as its principal purpose is the collection of debt or it regularly collects or attempts to collect debts owed or due or asserted to be owed or due another and uses the mails to accomplish this purpose and collect debts.

## JURISDICTION AND VENUE

8. This Court has federal question jurisdiction over the claims brought herein. Venue is proper in this County because the events giving rise to the claims occurred in the Middle District of Florida and Defendant's principal place of business is located in the Middle District of Florida.

## GENERAL ALLEGATIONS

9. On May 23, 2014, the Defendant sent or caused to be sent to Plaintiff, via U.S. Mail, a letter attempting to collect a debt or financial obligation incurred by Plaintiff for primarily personal, family or household purposes (hereinafter the "Debt Collection Letter"). A copy of the Debt Collection Letter is attached hereto as **Exhibit A.**

10. The Debt Collection Letter is a "communication" pursuant to the FDCPA, 15 U.S.C. § 1692a(2).

11. The Debt Collection Letter is the very first letter that Plaintiff received from the Defendant regarding the alleged debt.

12. The Debt Collection Letter provides a "BALANCE DUE" of $300.00.

13. Nowhere in the Debt Collection Letter did Defendant identify a specific creditor(s) Plaintiff owed money to, how many creditors Defendant was collecting for, how much money Plaintiff allegedly owed to each creditor, or the subject matter of the alleged debt(s) that Defendant was collecting.

14. The Debt Collection Letter was patently confusing and misleading on its face, especially to the least sophisticated consumer, as Plaintiff was unable to determine either the identity of any creditor or the amount owed to any specific creditor.

15. Further, as a result of Defendant's failure to identify the specific creditor(s) on whose behalf Defendant was attempting to collect a debt, if Plaintiff or any least sophisticated consumer actually paid the amount requested in the Debt Collection Letter, he or they would not have any idea what debt was paid and what, if any, debts remained outstanding – all they would know is that they paid off the balance of $300.00.

16. Additionally, Plaintiff or an unsophisticated consumer who complied with the Debt Collection Letter's request would have no record of payment to any specific creditor, which would force such person to rely on Defendant for later verification that the debts were satisfied.

17. It was patently misleading and misrepresents the character of the debt for Defendant to omit the specific names of the creditor(s) and fail to identify the specific amount owed to each creditor(s). The FDCPA does not require an unsophisticated consumer to rely on past notices, bills, or letters in order to understand the character of the debt being collected.

18. Additionally, the Debt Collection Letter provides "If we do not receive Payment in Full within 10 days from the date of this notice your account will be referred to our ASSET RESEARCH DEPARTMENT for review. Should this review result in our client(s) pursuing litigation COURT COSTS and LEGAL FEES, if allowed by law, may be added."

19. The language in Defendant's Debt Collection Letter implied that, if Plaintiff did not remit payment within 10 days, Defendant would begin seeking available information to determine which specific assets of Plaintiff to go after. The Defendant suggests that investigation into available sources in order to locate assets would be undertaken, and that litigation efforts against Plaintiff's assets would be taken, unless Plaintiff paid the debt within 10 days, when Defendant had no intention of doing so. The Defendant combines this threat with the threat of adding attorney's fees and costs to the Plaintiff's alleged balance.

## COUNT I

## VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT

20. Plaintiff incorporates by reference paragraphs 1 through 20 of this Complaint as though stated fully herein.

21. The foregoing acts and omissions of Defendant violates 15 U.S.C. §§ 1692e(2)(A), 1692e, 1692e(5) and 1692e(10).

22. As a result of Defendant's violations of the FDCPA, pursuant to 15 U.S.C. § 1692k, Plaintiff is entitled to statutory damages in an amount up to $1,000.00, plus reasonable attorneys' fees and costs.

WHEREFORE, Plaintiff requests that the Court enter judgment in his favor for:

    i. The maximum amount of statutory damages pursuant to 15 U.S.C. § 1692k;

    ii. Attorneys' fees, litigation expenses and costs pursuant to 15 U.S.C. § 1692k(a)(3); and

    iii. For such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury for all issues so triable.

/s/ Paul R. Fowkes
Paul R. Fowkes, Esq.
Fla. Bar No. 723886
1041 US Highway 19
Holiday, Florida 34691
(813) 221-0500
(813) 228-7077 (Facsimile)